# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CHAD DOWNS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:23-cv-00051-DGK |
| GARRY BUSH, et al., | ) | |
| Defendants. | ) | |

## GRANTING MOTION TO DISMISS COUNT I

This case involves Plaintiff's allegations that his civil rights were violated while he was incarcerated at the Ray County, Missouri jail on two separate occasions in 2019 and 2020. During this time, Defendant Garry Bush was the elected Sheriff of Ray County, Missouri ("Ray County"). Plaintiff's First Amended Complaint ("Complaint") contains three identical Counts—each brought against different Defendants—alleging "Plaintiff's treatment during [his] confinement was inhumane and violated the United States Constitution, Federal and State Statutes, the Missouri Constitution and standards of the American Correctional Association." Compl. at 3, 4, 6, ECF No. 1-1. Count I is brought against Defendant Garry Bush in his official capacity as Sherriff of Ray County; Count II is brought against Defendant Ray County; and Count III is brought against Defendant Bush in his individual capacity.

Now before the Court is Defendant Bush's motion to dismiss Count I for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Finding that Count I against Defendant Bush in his official capacity is duplicative of Count II against Defendant Ray County, the motion is GRANTED.

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

**Argument**

Defendant Bush argues Count I should be dismissed because a claim against a government employee in his "official capacity" is the same as a claim against the governmental entity (here, Ray County), making it duplicative of Count II. *See* Df.'s Sugg. in Support at 1–2, ECF No. 6. Plaintiff concedes that "civil actions against public officials in their official capacity are treated as suits against the state," but argues that "the unique facts of this case presently known suggests this case may be an exception to the rule." Pl.'s Sugg. in Opp'n at 3, ECF No. 12. At bottom, Plaintiff believes Count I is not duplicative of Count II because "Ray County[,] Missouri had almost no involvement in the daily operation of the Ray County jail facility[,]" and it was instead Defendant Bush who largely operated the Ray County jail. *Id.* at 4.

Plaintiff does not cite any caselaw in support of this argument, nor any caselaw citing "exceptions" to the rule. For starters, this violates the Local Rules. *See* L.R. 7.0(a) ("A written motion must be supported and opposed with suggestions, which are a written brief containing relevant facts and applicable law.").

Second, it is well established that "[a] plaintiff who sues public employees in their official, rather than individual, capacities sues *only* the public employer[.]" *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (emphasis added); *see Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (holding district court properly dismissed § 1983 claim against officer in his official capacity because it was redundant of the claim against the city); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). While Plaintiff implies there are exceptions to this rule, he has not specifically cited any, and it is not the Court's job to research the law for the parties. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008).

## Conclusion

Count I against Defendant Bush in his official capacity is duplicative of Count II against Defendant Ray County. Thus, Count I is hereby DISMISSED.

**IT IS SO ORDERED.**

Date: July 18, 2023        /s/ Greg Kays
                           GREG KAYS, JUDGE
                           UNITED STATES DISTRICT COURT